UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND

IN RE:                              *

SETH I. BLUM AND BESSY G. BLUM      *   CASE NO: 25-10005

DEBTORS
                                    *   CHAPTER 11

***********************************

SETH I. BLUM AND BESSY G. BLUM      *   ADV. NO.: 25-00264

       Plaintiffs

v.

PETER ELMO

       Defendant

*****************************************************************************

## ANSWER WITH AFFIRMATIVE AND NEGATIVE DEFENSES

## TO COMPLAINT

Defendant, Peter Elmo, by his Attorney, Richard J. Hackerman files this answer to the complaint filed by the Debtors, and says:

1. The Defendant admits the allegations of paragraph 1 of the complaint.

2. With respect to paragraph 2 of the complaint, Defendant admits the first sentence of same and denies the second sentence of same.

3. The Defendant admits the allegations of paragraph 3 of the complaint.

4. The Defendant admits the allegations of paragraph 4 of the complaint.

5. With respect to paragraph 5 of the complaint, Defendant admits the first two sentences

of same and denies the last sentence of the paragraph.  Peter Elmo's claim results from the Debtors' financial exploitation of Mr. Elmo.  Mr. Elmo is an 84-year-old widower.  Debtor Bessy Blum, at the time a bank teller and bank manager with access to Mr. Elmo's financial accounts, pretended to befriend Mr. Elmo after his wife of 50 years passed away.  Then, after gaining his trust, Debtors schemed Mr. Elmo into loaning them more than half a million dollars so they could purchase a vacation home in Delaware.  The loan, originally made to Bessy Blum was evidenced by a note dated March 25, 2022.  The loan was supposed to be repaid within three months.  It was not.  Debtor Bessy Blum had no intention of repaying Mr. Elmo as agreed.  Later, on September 1, 2023, the Debtors jointly agreed to repay Mr. Elmo and agreed that the loan would be a secured loan.  The note dated September 1, 2023 provided: "SECURITY: THIS NOTE IS SECURED BY THE FOLLOWING:  11486 W. Sandcove Road, Selbyville, DE 19975."  The Debtors, both being sophisticated in the world of finance, both working in high level jobs at financial institutions, and both being aware that the Defendant was not sophisticated in the world of finance did not record a mortgage or deed of trust in the land records where the Delaware property was located as they had agreed.   They together betrayed Mr. Elmo's trust and kindness and never intended to repay him.   Nonetheless the actions of the Debtors created a constructive trust in favor of Mr. Elmo with respect to the Delaware property long before the 90 day period before the petition date.  Moreover the Circuit Court for Baltimore County on May 14, 2024 entered an order referring to the Debtors' attorney:  "Counsel also confirmed that, should an offer be made on the property and accepted, she will immediately notify counsel for Plaintiff and Truist immediately."  This order evidenced the constructive trust created no later than September 1, 2023.

6. With respect to paragraph 6 of the complaint, Defendant admits that he recorded the Delaware judgment in the Circuit Court for Baltimore County on November 7, 2024, but denies this act constitutes a transfer within 90 days before the petition date for the reasons set forth in paragraph 5 set forth above.

7. The Defendant denies the allegations of paragraphs 7 - 10 of the complaint.

8. The Debtor admits the allegations in paragraph 11 that he has filed a proof of claim, but denies that the Debtors are entitled to a release of lien. The Bankruptcy Court is first and foremost a court of equity. The Debtors have engaged in abhorrent, fraudulent and deceitful conduct as set forth herein, and are not entitled to the relief they have requested from this court. Due to their conduct a constructive trust of the Delaware property was created no later than September 1, 2023.

9. The Defendant admits the allegations of paragraph 12 (simply that the Debtors are incorporating previous allegations of the complaint but not admitting the truth and correctness of the allegations) and paragraph 13 of the complaint.

10. The Defendant denies the allegations of paragraphs 14 - 19 of the complaint.

11. The Defendant admits the allegations of paragraph 20 (simply that the Debtors are incorporating and repeating previous allegations of the complaint but not admitting the truth and correctness of the allegations) of the complaint.

12. The Defendant denies the allegations of paragraphs 21 - 23 of the complaint.

13. The Defendant admits the allegations of paragraph 24 (simply that the Debtors are incorporating and repeating previous allegations of the complaint but not admitting the truth and correctness of the allegations) of the complaint.

14. The Defendant admits the allegations of paragraph 25 of the complaint.

15. The Defendant denies the allegations of paragraphs 26 and 27 of the complaint.

## NEGATIVE DEFENSES

The Debtors failed to state a claim upon which relief can be granted

## AFFIRMATIVE DEFENSES

The claims are barred by the doctrine of assumption of risk.

The claims are barred by the doctrine of contributory negligence.

The Debtors are collaterally estopped to assert the claims.

The Debtors are estopped to assert the claims.

The Debtors are barred by the doctrine of judicial estoppel to assert the claims.

The Debtors are barred by the doctrine of equitable estoppel to assert the claims.

The Debtors claims are barred by the doctrine of laches.

The Debtors' claims are barred by the doctrine of res judicata.

The Debtors' claims are barred by the Statute of Frauds.

The Debtors' claims are barred by the applicable statutes of limitations.

The Debtors' claims are barred by the doctrine of waiver.

The Debtors' claims are barred by the doctrine of payment.

The Debtors' claims are barred by the doctrine of reliance.

The Complaint fails to state a claim upon which relief can be granted.

The Debtors' claims are barred by the doctrine of fraud.

The Debtors' claims are barred by the doctrine of illegality.

The Debtors' claims are barred by the doctrine of equity.

The Debtors' claims are barred by the doctrine of negligent misrepresentation.

The Debtors' claims are barred by the doctrine of promissory estoppel.


The Debtors' claims are barred by the doctrine of constructive trust.

The Debtors' claims are barred by the doctrine of breach of fiduciary duty.

The Debtors' claims are barred by the doctrine of resulting trust.

The Debtors' claims are barred by the contract/agreement between the parties.

The Debtors' claims are barred by the doctrine of unjust enrichment.

## GENERAL DENIAL

The Defendant did not commit the wrongs alleged.

The Defendant is not indebted as alleged.

The Defendant never promised as alleged.


Wherefore, the Defendant requests:

A. That the complaint be dismissed with prejudice.

B. That judgment be entered in favor of the Defendant.

C. That the Defendant be awarded his reasonable counsel fees an costs.

D. For such other and further relief as the nature of this cause may require.

Respectfully Submitted,

/s/ Richard J. Hackerman

_____
Richard J. Hackerman
Richard J. Hackerman, P.C.
3635 Old Court Road
Suite 208
Baltimore, Maryland 21208
(410) 243-8800
Attorney for the Defendant
Bar No. 24058
Richard@RichardHackerman.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 1, 2025 a copy of the aforegoing was mailed by first class mail, postage prepaid to the following:

Daniel M. Press, Esquire
Chung & Press, P .C.
6718 Whittier Ave., Ste. 200
McLean, VA 22101
Attorney for the Debtors.

Trustee
Monique Desiree Almy
Crowell & Moring
1001 Pennsylvania Avenue, N.W., 10th Fl
Washington, DC 20004-2595

U.S. Trustee
Hugh M. Bernstein
Office of U.S. Trustee
101 W. Lombard Street
Suite 2625
Baltimore, MD 21201

/s/ Richard J. Hackerman

_____
Richard J. Hackerman
Richard J. Hackerman, P.C.
3635 Old Court Road

Suite 208  
Baltimore, Maryland 21208  
(410) 243-8800  
Attorney for the Defendant  
Bar No. 24058  
Richard@RichardHackerman.com