**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**Baltimore Division**

```
-----------------------------------------------------------------X
In re:                                        :     A.P. No. 25-00264
                                              :
Seth L Blum and Bessy G Blum                  :     Case No.  25-10005
                                              :     Chapter 11 (Subchapter V)
              Debtors.                        :
                                              :
-----------------------------------------------------------------X
                                              :
Seth L Blum and Bessy G Blum                  :
                                              :
              Plaintiffs,                     :
v.                                            :
                                              :
Peter Elmo                                    :
                                              :
              Defendant                       :
                                              :
-----------------------------------------------------------------X
```

## RULE 26(F) REPORT/DISCOVERY PLAN (AMENDED)

NOW COME the parties, through counsel, and hereby submit this report of their FRCP Rule 26(f) conference.   Lead counsel for the parties met telephonically on October 12, 2025, and (except as indicated) agreed as follows:

(A)     what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;

None.  Initial disclosures shall be due 11/13/25.  **3/31/26 discovery deadline.   2/15/26 for experts (3/15/26 rebuttal experts) and 4/30/26 for dispositive motions.   Estimate of 1 day for trial.**

(B)     the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

The factual basis for Plaintiffs' claims and Defendant's defenses.   Discovery should run until

March 31, 2026.  No issue limitations or phasing.


       (C)      any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;

The parties do not anticipate any significant issues regarding electronically stored information.

The parties discussed discovery of electronically stored information and agreed that email and

SMS/text communications may be produced as static images (paper or .pdf), with attachments,

word processing and other documents on the parties' computer systems will be produced in their

native format if readable by MS Office software, otherwise in a format so readable where

possible; and digital photographs and audio/video files shall be produced in their native format.

The parties will cooperate in producing other files in a useable manner. No party shall be

required to search or produce system backup media, metadata, or files deleted in the ordinary

course prior to commencement of this litigation unless good cause is shown.  Notwithstanding

any agreement to limit electronic discovery, the parties agree that no party may rely in this action

on any electronic document or information requested but not produced in discovery.

       (D)      any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;

The parties do not anticipate any issues with claims of privilege.  They agree that privileged communications relating to the present adversary proceeding with their present litigation counsel need not be produced or included on a privilege log. There is no need for an Order under FRE 502 at this time.

       (E)      what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

None necessary.

(F)     any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c) .

None necessary.

\

Respectfully Submitted,

   /s/Daniel M. Press_____
Daniel M. Press, #07300
CHUNG & PRESS, P.C.
6718 Whittier Avenue, Suite 200
McLean, Virginia 22101
(703) 734-3800
dpress@chung-press.com
Counsel for Debtors/Plaintiffs


/s/ Richard J. Hackerman_____
Richard J. Hackerman
3635 Old Court Road, Suite 208
Baltimore, Maryland 21208
(410) 243-8800
(410) 630 7232 (fax)
Richard@richardhackerman.com
Attorney for Defendant Peter Elmo


**CERTIFICATE OF SERVICE**

I certify that on the 29TH day of October, 2025, the foregoing document was served on counsel for Defendant by CM/ECF as follows:

Richard J Hackerman Richard@RichardHackerman.com,
6923530420@filings.docketbird.com,
Hackerman.RichardR106256@notify.bestcase.com


   /s/Daniel M. Press_____
Daniel M. Press